**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7752**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

STEVE DONOVAN DIXON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:11-cr-00449-CMH-1; 1:16-cv-00823-CMH)

Submitted: December 10, 2019                Decided: January 7, 2020

Before THACKER, HARRIS, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Joseph Douglas King, KING CAMPBELL PORETZ & THOMAS, PLLC, Alexandria, Virginia, for Appellant. Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve Donovan Dixon seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), as untimely. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that residual clause of § 924(c) is unconstitutionally vague); *United States v. Simms*, 914 F.3d 229, 232-34 (4th Cir. 2019) (holding that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause of § 924(c)), we grant a certificate of appealability and vacate the district court's order. The parties have filed a Joint Motion for Remand in which the Government agrees *Davis* applies retroactively, entitling Dixon to relief. *See* ECF 22. In the motion, the parties agree that Dixon's criminal judgment should be amended to reflect vacatur of his conviction on Count 2, and his $100 special assessment should be returned. The parties agree that no further relief is required. We grant the joint motion for remand, and remand to the district court for further proceedings.

Accordingly, we grant a certificate of appealability, vacate the district court's order, grant the joint motion for remand, and remand to the district court for further proceedings.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED